UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EDDIE J. LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00301-JPH-MG |
| | ) | |
| FRANK VANIHEL Warden, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Severing Claims and Directing Further Proceedings**

Plaintiff Eddie J. Lowe filed this civil rights action on July 25, 2022, based on a series of events that occurred at Wabash Valley Correctional Facility between July 2021 and June 2022. Dkt. 1; *see also* dkt. 7 (refiling of original complaint with exhibits). Because he is a "prisoner," who has sued government defendants, the Court assesses "whether joinder is proper under Rule 20 before considering the merits" of the claims as required by 28 U.S.C. § 1915A. *Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022). For the reasons explained below, the July 2021, sewage claim shall proceed in this action and Mr. Lowe will have the opportunity to sever all other claims.

**I. The Complaint**

Mr. Lowe's sixty-six page complaint names thirty-one defendants and alleges that these defendants violated his First Amendment and Eight Amendment rights. Mr. Lowe makes the following allegations.

- **Sewage.** Between July 2021 to June 2022, Mr. Lowe's cell was flooded with sewage six times and various defendants failed to clean up the sewage which caused him to become ill in violation of his Eighth Amendment rights. *Id.* at 8-27.
    - o First incident involved defendants Yard, Kellerman, Sergeant Martinez, Sergeant Smith, Lieutenant C. Holcomb, and Marley (19-day exposure beginning July 2, 2021).

1

- o Second incident involved defendants Sergeant Martinez, Henderson, Tawni Templeton, and Thomas Wellington (December 3, 2021)
- o Third incident involved defendants Major Dusty Russell, Lieutenant Holcomb, Sergeant Payne, Sergeant Martinez, Rich, Sergeant Adams, Tumey, Woodburn, and Riordan (April 21-25, 2022).
- o Fourth incident involved defendants Shepard and Sergeant Martinez (May 7, 2022).
- o Fifth incident involved defendants Lieutenant Holcomb, Sergeant Keys, Sergeant Leftler, Sergeant Simmerman, and Rich (May 11, 2022).
- o Sixth incident involved defendants Tumey, Sergeant Payne, and Shelby Critchfield (June 5, 2022).

- **Black Mold and Feces.** Between December 2021 to March 2022, Warden Vanihel, Major Russell, Lieutenant Holcomb, Sergeant Martinez, Sergeant Smith, Sergeant Payne, Sergeant Sanders, Warden Designee Ellis, Wellington, Critchfield, and John Doe # 2, forced Mr. Lowe to endure exposure to black mold and feces by refusing to clean the cell areas and denying Mr. Lowe's requests for cleaning supplies in violation of his Eighth Amendment rights. The black mold caused Mr. Lowe to become ill. *Id.* at 39-53.

- **Lost Laundry.** Between October 2021 to December 2021, Mr. Lowe's laundry was lost and defendants Gilstrap, Lieutenant Holcomb and Sergeant Smith failed to address this issue. As a result, Mr. Lowe did not have adequate clothing to keep warm and was forced to wear filthy in violation of his Eight Amendment rights. *Id.* at 30-32.

- **Hygiene Supplies.** In September 2021, defendants Warden Frank Vanihel, Captain Voightchild, Lieutenant Holcomb, Buskirk, and Gilstrap denied his requests for personal hygiene supplies in violation of Mr. Lowe's Eighth Amendment rights. *Id.* at 27-30.

- **Excessive Lighting.** Between November 2021 to March 2022, defendants Warden Vanihel, Lieutenant Holcomb, Warden Designee M. Ellis, Wellington, Templeton, Critchfield, Sergeant Smith, Ratliff, Turner, and John Doe #1, subjected him to excessive lighting which damaged Mr. Lowe's vision and prevented him from sleeping in violation of his Eighth Amendment rights. *Id.* at 33-37.

- **Sunglasses.** On February 17, 2022, Mr. Lowe filed a grievance to obtain sunglasses for his vision injury per his doctor's recommendation. However, defendant Critchfield denied his request and instead stated that the lights were not on all the time. *Id*. at 37-39.

- **Retaliation.**

    - o On November 21, 2021, Sergeant Martinez and other officers sprayed the 700 range (including Mr. Lowe). When Mr. Lowe and others filed

> grievances regarding this event, Sergeant Martinez retaliated by denying Mr. Lowe and his unit members recreation time. *Id.* at 53-56.
> - o On April 27, 2022, defendants Critchfield, Gonthier, and Laloux moved Mr. Lowe to a disciplinary segregation unit which had worse prison conditions than his previous unit in retaliation for filing too many grievances. *Id.* at 58-61.

- **Grievances.**

    - o In December 2021, defendants Templeton and Wellington denied Mr. Lowe's access to the grievance system and the courts in violation of his First Amendment rights. *Id.* at 56-58.

    - o On April 27, 2022, defendant Critchfield violated Mr. Lowe's First Amendment rights by placing him on a grievance restriction because he filed too many grievances. *Id.* at 59-60.

Mr. Lowe is seeking injunctive relief and compensatory and punitive damages.

## II. Severance of Claims

District courts are encouraged to review complaints to ensure that unrelated claims against different defendants do not proceed in a single lawsuit. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them") (citing *Wheeler v. Wexford Health Sources*, Inc., 689 F.3d 680, 683 (7th Cir. 2012)); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The plaintiff is not permitted to treat a single federal complaint as a sort of general list of grievances. *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] PLRA's fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

Federal Rules of Civil Procedure 18 and 20 guide this analysis. Federal Rule of Civil Procedure 20(a)(2), permits a plaintiff to join defendants in a single action if "(A) any right to

relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." "[M]ere overlap between defendants is not enough." *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020).

Once Rule 20 is satisfied, "[a] party asserting a claim to relief as an original claim, . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a); *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (court must apply Rule 20 before Rule 18). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Mr. Lowe states in his complaint that all of his "issues are related by subject matter, series of events, defendants involved, effects to Lowe's physical and mental health, and patterns of mistreatment of Lowe on administrative segregation." Dkt. 1 at 2. The Court disagrees that all of the claims alleged are properly joined, but even if they were, a district court may "sever any claims that are 'discrete and separate' in the interest of judicial economy and to avoid prejudice." *Vermillion v. Levenhagen*, 604 F. App'x 508, 513 (7th Cir. 2015) (citing *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985)). To be "discrete and separate . . . one claim must be capable of resolution despite the outcome of the other claim." *Gaffney*, 451 F.3d at 442 (internal quotation marks omitted). Relevant to this inquiry is the fact that individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

The following fourteen separate claims have been identified:

- six sewage claims involving different defendants at different times;
- exposure to black mold and feces claims;
- lost laundry claim;
- denial of hygiene supplies claim;
- excessive lighting claim;
- denial of medically necessary sunglasses claim;
- retaliation claim based on denial of recreation time;
- retaliation claim based on placement in disciplinary segregation; and
- denial of access to grievance process and placement on grievance restriction claim.

The claims identified above are separate and distinct from each other. In the interests of justice and judicial efficiency, the July 2, 2021, sewage claim shall proceed under this case number. This claim is alleged against defendants Yard, Kellerman, Martinez, Smith, Holcomb and Marley and is based on the following allegations:

On July 2, 2021, sewage water flooded Lowe's cell. He used his towels and blankets to soak it up. The sewage continued to flood the range for 19 days, during which time, Lowe did not have access to supplies to clean his cell. Lowe cleaned without protection from germs using his clothes to soak up the sewage. He was subjected to the nauseating fumes and was unable to eat in a sanitary environment. As a result of these conditions, Lowe experienced headaches, nausea, and inability to eat or sleep, anxiety, anger and disgust. Defendants Yard, Kellerman, Smith, Martinez and Holcomb were repeatedly notified but refused to have the issued fixed, denied Lowe cleaning supplies to disinfect his cell, and did not transfer him to another location. On July 13, 2021, Marley was present on the range to conduct repairs, but he did not investigate or fix the issue in Lowe's

cell. Finally, on July 21, 2021, Vanshoyck, a caseworker, intervened to move Lowe to a different housing location. Dkt. 1 at 8-13. These allegations are sufficient to state an Eighth Amendment conditions of confinement claim against Yard, Kellerman, Martinez, Smith, Holcomb, and Marley. 28 U.S.C. § 1915A.

### III. Further Proceedings

The July 2021, exposure to sewage water claim shall proceed in this action. Mr. Lowe now has the opportunity to sever any of the remaining thirteen claims in a new action. *See* Fed. R. Civ. P. 21 (authorizing severance "on just terms"); *Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022) ("A district court may, in its discretion, deny joinder even if the Rule 20(a)(2) requirements are met.") (citing *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (listing prejudice, expense, and delay as reasons to deny otherwise-proper joinder). Any claims Mr. Lowe chooses not to sever into a new action, shall be dismissed without prejudice. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). The plaintiff is the master of his complaint and shall be given the opportunity to determine which course is followed. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue").

If new actions are opened, the plaintiff will be responsible for the filing fee associated with each new case. In addition, the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for each new case. As always, the plaintiff should consider whether to file any particular civil action.

Mr. Lowe shall have **through May 10, 2023,** in which to **notify the Court** whether he wishes the Court to sever any claims identified above into new actions, and if so, he must identify which

claims he wants to proceed. If the plaintiff fails to so notify the Court, the misjoined claims will be considered abandoned and will be dismissed without prejudice.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants: 1) Correctional Officer Yard, 2) Correctional Officer Kellerman, 3) Sgt. Martinez, 4) Sgt. Smith (SCU), 5) Lt. C. Holcomb, and 6) Maintenance Supervisor Marley in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/20/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

EDDIE J. LOWE
992238
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Electronic service to Indiana Department of Correction:

    1) Correctional Officer Yard,
    2) Correctional Officer Kellerman,
    3) Sgt. Martinez,
    4) Sgt. Smith (SCU),
    5) Lt. C. Holcomb, and
    6) Maintenance Supervisor Marley

    (All at Wabash Valley Correctional Facility)